SIMPSON *v*. UNITED STATES (No. 842).[1]

SCALLOPED ARTICLES—WHEN NOT EMBROIDERED.

Something more than stitches, utilitarian in character, are needed to bring the scalloped articles of the importation within the term "embroidered articles;" there should be stitches superimposed with the purpose of producing an ornamental effect. The articles themselves and the testimony here go to show they were dutiable under paragraph 346, tariff act of 1897.

United States Court of Customs Appeals, May 17, 1912.

APPEAL from Board of United States General Appraisers, Abstract 27399 (T. D. 32089).

[Reversed.]

*Comstock & Washburn* (*Albert H. Washburn* and *George J. Puckhafer* of counsel) for appellant.

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *Thomas J. Doherty*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise the subject matter of the importation here involved consists of articles of flax, such as doilies, towels, cloths,

[1] Reported in T. D. 32569 (22 Treas. Dec., 935).

covers, etc., with scalloped edges. Duty was assessed thereon at the rate of 60 per cent under that portion of paragraph 339 of the tariff act of 1897 reading as follows:

Wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a letter, monogram, or otherwise.

It is claimed to be dutiable under paragraph 346 of said act at the appropriate rate according to its weight, thread count, and value. The pertinent portion of said paragraph reads:

Woven fabrics or articles not specially provided for in this act, composed of flax, hemp, or ramie, or of which these substances or either of them is the component material of chief value. * * *

The testimony before the board consisted of that of one witness produced by the importer and samples of the merchandise in controversy. The Board of General Appraisers found that the stitching on the articles amounted to embroidery in that the stitching was ornamental, and overruled the protest. The appellant contends that an examination of the samples shows the goods to be scalloped articles and that the needlework constituting the scalloping thereon is not ornamental.

It was said by this court in Gardner v. United States (2 Ct. Cust. Appls., 477; T. D. 32228), in dealing with scalloped articles under the act of 1909, that under the law of 1897 the rule had been laid down that scalloped articles were dutiable as embroidered articles under paragraph 339 of the act of 1897 when the needlework thereon was ornamental, and that articles having a plain scalloped edge were not dutiable under that paragraph. This epitomizes the previous decisions of the board and of the courts as found in ·the Solinger case (T. D. 24243), in which case the board said:

Both ends of the towels are finished with fancy scalloped edges, a cord being laid with the raw edge of the towel and attached to it by being stitched with what is known as the overstitch, the same being done on a machine. * * * This stitching is not done on an embroidery machine, but is stitched with the ordinary sewing machine equipped with a buttonhole attachment or a special attachment for making this stitch.

See also the case, T. D. 26030, and United States v. Waentig (168 Fed. Rep., 570).

The question involved here is therefore mainly a question of fact, which is, Were these articles embroidered by other process than by scalloped ends or edges? That there is some ornamental effect from the mere fact of scalloping articles is apparent. But we think that, in order to bring an importation within the term "embroidered articles," something more must be done to a scalloped article than to employ stitches which are essential to a utilitarian purpose. Undoubtedly, if in addition to the stitch employed for maintaining the edges and holding the cord which was present in the cases cited, there had

been superimposed stitches designed for an ornamental effect, the articles might be held to be embroidered within the meaning of the paragraph of the act of 1897 in question. We are all convinced, however, from the testimony in this case that these articles have no such superimposed stitches and that upon the testimony afforded by the articles themselves and the examination of the one witness in the case, the articles were dutiable under paragraph 346.

The decision of the Board of General Appraisers is *reversed.*